

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL LINE
HAIMAVATHI V. MARLIER
(212) 336-1055
marlierh@sec.gov

August 24, 2018

VIA ECF
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:   *SEC v. Alderson & Hamilton*, 18-cv-4930(VEC)

Dear Judge Caproni:

Plaintiff Securities and Exchange Commission (the "Commission") submits this letter under Your Honor's Individual Practices in Civil Cases 3(A) to schedule a teleconference on the Commission's proposed Motion to Strike Defendant Alderson's Tenth Affirmative Defense (laches), Defendant Alderson's Eighth and Defendant Hamilton's Fifth Affirmative Defenses (failure to join necessary parties), and Defendant Alderson's Seventh Affirmative Defense (relating to the Commission's settlement with deVere USA, Inc. ("DVU")).

Without conceding the merit or propriety of other defenses, the Commission seeks to strike these defenses because they are not only insufficient, irrelevant and frivolous, but will materially change the scope of discovery and cause unnecessary delay and impermissible discovery into the Commission's investigative process and privileged work product and communications, prejudicing the Commission.

Laches

"[L]aches is not available against the federal government where, as here, it undertakes to enforce a public right or protect the public interest." *SEC v. Durante*, 641 Fed. Appx. 73, 77 (2d Cir. 2016) (citation and internal quotation marks omitted). Courts have, accordingly, struck laches defenses asserted in Commission enforcement actions. *See SEC v. Sarivola*, No. 95-cv-9270(RPP), 1996 WL 304371, at *1 (S.D.N.Y. June 6, 1996) (granting motion to strike and stating "[t]he settled precedent in this circuit holds that laches is not an available defense in an SEC enforcement action seeking injunctive relief") (collecting cases).

Failure to Join Necessary Parties

Courts have generally concluded that defendants cannot use Fed. R. Civ. P. 19 to force the Commission to sue other parties or to force judicial review of the Commission's decision

whether to institute enforcement proceedings. *See SEC v. Norstra Energy Inc.*, No. 15-cv-4751, 2016 WL 4530893, at *1 (S.D.N.Y. Jan. 19, 2016) (collecting cases); *SEC v. Tiffany Indus., Inc.*, 535 F. Supp. 1167, 1168 (E.D. Mo. 1982) ("Court does not have jurisdiction to review the SEC's decision not to institute an enforcement proceeding against a particular part[y], or to compel the agency to initiate proceedings against a party"). This is because an agency's decision not to bring an enforcement action against a person or entity is "presumed immune from judicial review" absent a showing that the Commission's decision was "so extreme as to amount to an abdication of its statutory responsibilities." *Heckler v. Chaney*, 470 U.S. 821, 832, 833 & n.4 (1985).

<u>Alderson's Seventh Affirmative Defense</u>

In his Seventh Affirmative Defense, Alderson states:

> The Commission has entered into a settlement with DVU, and seeks as part of that settlement to allocate blame and liability to Alderson and to shield the deVere Group, including the Overseas Affiliate, and Green from the consequences of their malfeasance. Plaintiff's claims against Alderson should be dismissed on that basis alone.

The Commission is unclear as to whether this is an unclean hands defense, a failure to name a necessary party defense, a motion to dismiss couched as an affirmative defense, or another defense altogether. To the extent that it is an unclean hands defense, Defendants must plead—and have not—that the Commission not only engaged in egregious or unconstitutional activity, but that, as a result, Defendants suffered prejudice rising to a constitutional level. *SEC v. KPMG*, No. 03 civ. 671(DLC), 2003 WL 21976733, at *3 (S.D.N.Y. Aug. 20, 2003) (striking defense).

The Commission has conferred with Defendants and the parties are unable to resolve this dispute. Through counsel, Defendant Alderson has stated that his "position is the entire issue is premature and wasteful. We have offered a compromise under which the SEC could preserve its right to seek withdrawal of the affirmative defenses after Defendants have had the opportunity for discovery. Further, to address your concerns that the affirmative defenses impacted the scope of discovery, we have made clear that the SEC would preserve all its objections to any specific discovery requests and agreed that Mr. Alderson would not be seeking discovery into the SEC's motives at ths time." Through counsel, Defendant Hamilton joined in this statement. The Commission does not agree that Defendants' proposal addresses its concerns.

The parties are available on August 28, 2018 between 10 a.m. and 4 p.m. for a teleconference with Your Honor. If Your Honor is not available on August 28, 2018, the Commission will coordinate with the parties to find an alternate date.

                                                  Respectfully submitted,

                                                  /s/ *Haimavathi V. Marlier*

                                                  Haimavathi V. Marlier
                                                  Senior Trial Counsel