```
UNITED STATES DISTRICT COURT                           USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                          DOCUMENT
-------------------------------------------------------X  ELECTRONICALLY FILED
SECURITIES AND EXCHANGE COMMISSION,:                   DOC #:_____
                                    :                  DATE FILED: 01/14/2020
                    Plaintiff,      :
                                    :                  18-CV-4930 (VEC)
            -against-               :
                                    :                        ORDER
BENJAMIN ALDERSON and               :
BRADLEY HAMILTON,                   :
                                    :
                    Defendants.     :
-------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS Defendants Alderson and Hamilton seek the production or un-redaction of fourteen documents in the possession of non-party Brite Advisors USA, Inc. ("DVU"), Dkt. 105 at 1;

WHEREAS the Court denied production of twelve of the fourteen documents and ordered the submission of the two remaining documents ("Related Documents")[1] to the Court for *in camera* review, Dkt. 108;

WHEREAS the Related Documents are relevant to the claims and defenses in this matter, particularly the SEC's claim that Defendant Alderson aided and abetted DVU's violations of 15 U.S.C. § 80b-4 and 17 C.F.R. § 275.204-2, which govern the maintenance of books and records relating to DVU's investment advisory business, from June 2013 to March 2017, *see* Compl. ¶¶ 79–83, 99–104;

---

[1] The Related Documents are identified as (1) CTRL00478418, and (2) CTRL01156482, CTRL01156483, and CTRL01156542. *See* Dkts. 105 at 2, 106 at 2.

WHEREAS DVU bears the burden of showing that the documents being withheld are privileged and that privilege has not been waived[2];

WHEREAS DVU has previously waived privilege as to documents concerning certain subjects, including "the creation and maintenance of books and records, as alleged in the Complaint," "during the time period July 2012 to November 23, 2015" ("Time Period"), *see* Dkt. 106-2 at 2–3;

WHEREAS the documents in dispute were created on April 13, 2016, and July 11–12, 2016;

WHEREAS DVU does not dispute that the Related Documents pertain to the subjects for which it has waived privilege, though it contends that the Related Documents are beyond the Time Period, *see* Dkt. 106 at 2;

WHEREAS DVU contends that Alderson cannot benefit from the doctrine of selective waiver because DVU is not an "adversary" seeking to disclose documents strategically in order to gain a litigation advantage, Dkt. 106 at 4; and

WHEREAS DVU contends that disclosure of the disputed documents would cause undue burden and expense pursuant to Rule 45, Dkt. 106 at 4;

IT IS HEREBY ORDERED that DVU must produce the Related Documents to the parties in this matter, no later than **January 17, 2020**.  The Court disagrees with DVU that the Related Documents are beyond the temporal scope of its waiver.  DVU's subject-matter waiver applied to "all communications and documents . . . concerning the Subjects during the time period July 2012 to November 23, 2015." Dkt. 106-2 at 1.  Although the Related Documents are

---

[2] *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 119 F.3d 210, 214 (2d Cir. 1997).

communications that occurred after November 23, 2015, they discuss past practices and therefore relate back to "the creation and maintenance of books and records" "during" the Time Period.

To the extent DVU contends that its waiver applies only to documents *created* during the Time Period, rather than to documents pertaining to the designated subjects during the Time Period, the Court also finds that a limited expansion of the Time Period is appropriate in this case. In *Chesapeake Energy Corp. v. Bank of New York Mellon Tr. Co.*, the primary case on which DVU relies, the district court declined to expand the end date applicable to a privilege waiver because doing so "would . . . breach [Plaintiff's] privilege as to core opinion work product without conferring any benefit upon" Defendant. No. 13-CV-1582, 2013 WL 1609250, at *5–6 (S.D.N.Y. Apr. 15, 2013) (concluding after *in camera* review that documents were privileged and "have no bearing on the issues before the Court"). Unlike the documents in *Chesapeake Energy*, the documents here are relevant to one of the claims that the SEC is currently prosecuting against Defendant Alderson.[3] *Cf. id.* at *5 ("Unless fairness requires it, the Court will not modify the agreed-upon scope of the waiver.").

The Court also disagrees with DVU that it does not have an adversarial relationship with Alderson. While DVU is not a party to this case, Alderson has, throughout this litigation, rightly or wrongly, asserted advice of counsel or other similar arguments in an attempt to shift

---

[3] The Court also notes that several courts have rejected temporal limitations on subject-matter waivers. *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 487 (S.D.N.Y. 1993) ("As for the temporal scope of the waiver, although the stated waivers . . . purported to be limited to the period until [nonparties'] termination from [Defendant's employ], there is no basis for imposing such a limitation on the implied waiver." (citing *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 765 F. Supp. 611, 613–14 (N.D. Cal. 1991) and *Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 980–82 (D. Del. 1982), *aff'd*, 758 F.2d 668 (Fed. Cir. 1984))). There may also be a distinction between applying temporal limits to documents' creation dates, versus using temporal boundaries to define the subject matter being waived. An example of the former would be a waiver as to all documents created during 2014 and 2015 pertaining to the maintenance of books and records; an example of the latter would be a waiver as to all documents concerning books and records practices in effect during 2014 and 2015. The former appears to be a more tenuous example of a subject-matter waiver because the date stamp on a document does not define the document's "subject matter" or contents, which could be about events occurring in the distant past or future. In any event, the Court need not and does not decide whether temporal limitations can ever be an appropriate parameter for a subject-matter waiver.

responsibility for any wrongdoing from him to DVU. DVU has, in turn, resisted such efforts, which has embroiled DVU and Alderson in endless privilege and other disputes. In that context, the Court finds that DVU and Alderson are sufficiently adversarial so as to create a risk that protected documents are being selectively disclosed for DVU's benefit. *See In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993) ("[S]elective assertion of privilege should not be merely another brush on an attorney's palette, utilized and manipulated to gain tactical or strategic advantage.").

The Court also disagrees with DVU that production of the Related Documents, which have already been found and are fewer than 20 pages in total, constitutes an undue burden.

In sum, DVU has failed to carry its burden to show that the Related Documents should be withheld from production despite being relevant to this case and despite being within the scope of its privilege waiver.

**SO ORDERED.**

Date: **January 14, 2020**  
**New York, New York**

                                      **VALERIE CAPRONI**
                                      **United States District Judge**